| | | | |
|---|---|---|---|
| AUSA: | Frank Dame | Telephone: | (313) 226-9526 |
| Task Force Officer: | Wallace Richards, ATF | Telephone: | (313) 202-3400 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.

Jyden Battle

Case No.  Case: 2:26−mj−30032
Assigned To : Unassigned
Assign. Date : 1/16/2026
Description: CMP USA V. BATTLE (DA)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 30, 2025,_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Illegal Possession of Machine Gun |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Wallace Richards, Task Force Officer, ATF
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __January 16, 2026__

_____
Judge's signature

City and state: __Detroit, MI__

Hon. Elizabeth A. Stafford, United States Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Wallace Richards, being duly sworn, depose and state the following:

## I. INTRODUCTION

1. I am a Detective with the Detroit Police Department (DPD) and began my tenure with DPD on April 14, 2014. I am currently assigned to the ATF Detroit Field Office as a Task Force Officer (TFO), working directly with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). This partnership uses federal, state and local resources to investigate the illegal use and possession of firearms. I have years of experience investigating robberies, felonious assaults, kidnappings, non-fatal shootings, and gun-related crimes including felon in possession of firearms and ammunition.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3. The ATF is currently conducting a criminal investigation concerning Jyden BATTLE (DOB: XX/XX/2005), 18 U.S.C. § 922(o) (illegal possession of machine gun).

4. Title 18, United States Code, Section 922(o) prohibits the possession of a machinegun manufactured after May 19, 1986. An individual can affix a machinegun conversion device to a Glock pistol to make the pistol shoot automatically and function as a machinegun. Pursuant to 18 U.S.C. § 921(a)(23), the term "machinegun" has the meaning given such term in section 5845(b) of the National Firearms Act (NFA) (26 U.S.C. § 5845(b)). Under the NFA, the term "machinegun" means "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person." 26 U.S.C. § 5845(b).

5. A machinegun conversion device (MCD)—commonly referred to as a "Glock Switch" or "Glock Auto Sear"—is a machinegun. The MCD is a part, or combination of parts, designed and intended for use in converting a semiautomatic

Glock pistol into a weapon that shoots automatically more than one shot, without manual reloading, by a single function of the trigger. Further, ATF is not aware of any MCDs for Glock pistols that were developed before May 19, 1986. As such, machinegun conversion devices for Glock pistols are considered post-1986 machineguns.

**II.   PROBABLE CAUSE**

6.   On December 30, 2025, Detroit Police Department Officers Roberts, Canada and Rosario were on routine patrol in the area of Toledo St. and Vinewood St. in Detroit. During patrol, they observed a black 2025 Jeep Wagoneer traveling north on Vinewood St. disregard a stop sign. Officer's activated their overhead lights and initiated a traffic stop on the Jeep Wagoneer.

7.   The officers approached and smelled freshly burnt marijuana coming from the vehicle. There were three people in the vehicle—a driver, front passenger, and rear passenger. The rear passenger was later identified as Jyden BATTLE. The officers ordered the individuals out of the vehicle. As BATTLE exited the rear passenger seat of the vehicle, Officer Canada observed a black firearm and a cell phone fall from BATTLE's lap onto the pavement. Officers asked BATTLE if he was a CPL holder. BATTLE said "no." Officers placed BATTLE in the back of the scout car while they continued their investigation.

8. Officer Roberts recovered the black firearm that had fallen from BATTLE's lap—a black Glock 23 .40 caliber. In the firearm was an extended magazine with numerous live rounds including one in the chamber. Officer Canada retrieved the firearm from Officer Roberts's to render the weapon safe and secure. While doing so, Officer Canada saw that the firearm was equipped with an MCD.

9. Officers searched BATTLE's name in the Law Enforcement Information Network (LEIN). BATTLE did not possess a valid State of Michigan concealed pistol license. A LEIN search also revealed that the firearm was reported stolen on April 25, 2025.

10. Officers placed BATTLE under arrest and transported him to the Detroit Detention Center. On December 30, 2025, BATTLE made a call that was recorded. Detective Terry Cross-Nelson monitored the call and heard BATTLE talking with a female and another male.

11. During the call, the female referred to the first male speaker as "Jyden." Based on the identification, the timing of the call, and content of the conversation, Detective Cross-Nelson believes the first male speaker was BATTLE who had been arrested earlier the same day.

12. During the conversation, the first male speaker acknowledged that he had been arrested in possession of a firearm. While explaining the circumstances of his arrest, he stated words to the effect of, "this ain't no regular gun."

4

13. Considering the timing of the call, the identification of the first male speaker as "Jyden," the acknowledgment of being arrested with a firearm, the statement that the firearm was "not a regular gun," and that BATTLE had been arrested on December 30, 2025, for possession of a firearm equipped with a Glock switch, I believe the caller was BATTLE describing his recent arrest and his possession of a firearm with a machine gun conversion device.

14. ATF Special Agent Kara Kulpus viewed photographs of the Glock 23 .40 caliber handgun recovered in this case. In addition to basic ATF training, SA Kuplus is a graduate of a specialized course on privately made firearms (PMFs) and MCDs. SA Kulpus trains DPD officers on the identification of PMFs and MCDs. SA Kulpus has experience in the investigation, seizure, and examination of dozens of PMFs and MCDs. After viewing the photo, SA Kulpus confirmed that the device affixed to the firearm appeared to be an MCD.

III. CONCLUSION

15. Probable cause exists that Jyden BATTLE did knowingly and intentionally possess a Glock 23 .40 caliber pistol equipped with a MCD in violation

5

of 18 U.S.C. § 922(o).  This violation occurred on or about December 30, 2025, in Detroit, Michigan, in the Eastern District of Michigan.

                            Respectfully submitted,

                            Wallace Richards, Task Force Officer
                            Bureau of Alcohol, Tobacco,
                            Firearms and Explosives

Sworn to before me and signed in my presence and/or by reliable electronic means.

Honorable Elizabeth A. Stafford
United States Magistrate Judge

Dated: January 16, 2026

6